```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JOEL VARGAS, an individual,

                        Plaintiff,

        -against-

ZUMIEZ, INC., URBAN OUTFITTERS, INC.,
and AUSTIN POST, d/b/a POSTY CO.,

                        Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/2020
```

19 Civ. 2056 (AT)

**ORDER**

ANALISA TORRES, District Judge:

In this action, Plaintiff *pro se*, Joel Vargas, asserts trademark infringement, unfair competition, and unjust enrichment claims with respect to the use of the STONEY trademark, against Defendants, Zumiez, Inc. and Urban Outfitters, Inc., two corporations involved in the retail clothing industry, and Austin Post, an individual with a retail clothing business. Compl. ¶¶ 1, 6–8, 17, 23, 27, ECF No. 1. Defendant Post moves to dismiss the action for failure to serve process under Federal Rule of Civil Procedure 12(b)(5) and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 52. Defendants Zumiez and Urban Outfitters move to dismiss the complaint for failure to prosecute. ECF No. 56. For the reasons stated below, Defendants' motions are GRANTED in part, and Plaintiff's complaint is DISMISSED without prejudice.

## BACKGROUND

Plaintiff is a fashion designer who has been operating a clothing business under the name STONEY DESSERTS since 2015, selling clothing and other merchandise under the STONEY mark. Compl. ¶¶ 10–11. He has operated a retail store selling clothing under the same mark since 2017. *Id.* ¶ 9. Plaintiff alleges that Defendants have infringed on Plaintiff's trademark rights by selling clothing bearing Plaintiff's STONEY mark. *Id.* ¶¶ 18, 24, 28.

On April 2, 2019, this Court referred this action to the Honorable James L. Cott for general pretrial proceedings. ECF No. 7. Plaintiff subsequently served the complaint on Defendants Zumiez and Urban Outfitters, who timely answered. *See* ECF Nos. 8–9, 15–16. It appears that Plaintiff did not serve Defendant Post until August 20, 2019. ECF No. 36. Post claims he was never properly served. *See* Post Mem. at 2–3, ECF No. 53.

On May 29 and 30, 2019, Plaintiff participated in telephonic conferences with Defendants. *See* Zumiez & Urban Outfitters Mem. at 2. ECF No. 57. On June 4, 2019, Judge Cott held a scheduling conference with the parties. *See* June 4, 2019 ECF Minute Entry. The Court directed the Clerk of Court to seek *pro bono* counsel to represent Plaintiff during the discovery phase and at settlement discussions. ECF No. 29.

On August 5, 2019, Zumiez and Urban Outfitters filed a joint status report informing the Court that Plaintiff had been unresponsive since "approximately June 21, 2019." ECF No. 30. On August 6, 2019, attorneys with the law firm Susman Godfrey L.L.P. entered appearances as *pro bono* counsel for Plaintiff "for the limited purpose of discovery and settlement." ECF Nos. 31, 32.

On September 23, 2019, Plaintiff's counsel filed a motion to withdraw, and Judge Cott ordered Plaintiff to file his response by October 10, 2019. *See* ECF No. 42. Plaintiff failed to file a response, and Judge Cott set a status conference for November 5, 2019 to discuss the continued viability of this action. ECF No. 47. The order explicitly warned Plaintiff that "a failure to attend this conference may lead to a dismissal of his case for failure to prosecute." *Id.*

Plaintiff did not attend the November 5, 2019 conference. ECF No. 50. In light of Plaintiff's absence and lack of communication with the Court and opposing counsel, the Court granted the withdrawal motion and set a schedule for Defendants' motion to dismiss for failure

to prosecute.  *See* ECF Nos. 50–51.

## DISCUSSION

I.      Legal Standard

    A.  Failure to Serve Process

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice."  Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 12(b)(5) ("[A] party may assert the following defenses by motion: . . . insufficient service of process.").  A plaintiff proceeding *pro se* is not excused from the requirement of proper service.  *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 321 (S.D.N.Y. 2016).  The mere assertion that defendants received actual notice will not remedy otherwise defective service.  *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006).  An exception to Rule 4(m) exists where a plaintiff is able to demonstrate good cause for failure of timely service, and a court may grant an extension of time to serve the defendant "even absent a showing of good cause."  *Cassano*, 186 F. Supp. 3d at 321–22 (citation omitted).

    B.  Failure to Prosecute

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Under Rule 41(b), a plaintiff has an obligation to diligently prosecute his case.  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Although prejudice to defendants resulting from unreasonable delay may be presumed, in "cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater."  *Id.*

When imposed, the sanction of dismissal "operates as an adjudication upon the merits," Fed. R. Civ. P. 41(b), but may be "without prejudice if so specified by the court imposing it," *Lyell*, 682 F.2d at 43; *see Reynel v. Barnhart*, No. 01 Civ. 6482, 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3 2002) (granting dismissal without prejudice because of the plaintiff's *pro se* status). Such sanction must be determined in light of the "full record in the case," not the plaintiff's failure or noncompliance in isolation. *Lyell*, 682 F.2d at 43 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)).

II. Analysis

A. Failure to Serve

Dismissal for failure to properly serve Post pursuant to Rule 4 of the Federal Rules of Civil Procedure is appropriate here. Under the Federal Rules of Civil Procedure, an individual may be served by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(C).

Plaintiff filed an affidavit claiming to have served two of Post's agents, ERESIDENTAGENT and Sapphire McFarland. ECF No. 36. To demonstrate an agency relationship, the plaintiff must show "something more than mere acceptance of service by a purported agent." *Richards v. New York State Dep't of Corr. Servs.*, 572 F. Supp. 1168, 1173 (S.D.N.Y. 1983). An affidavit of service can be countered by an affidavit stating the served individual is not the defendant's agent. *Roesch v. Sullivan*, 15 Civ. 247, 2016 WL 11484171, at *6 (S.D.N.Y. Aug. 8, 2016), *report and recommendation adopted*, 2016 WL 4573991 (S.D.N.Y. Aug. 31, 2016).

Post has submitted a declaration stating that ERESIDENTAGENT and Sapphire McFarland are not agents authorized to accept service on his behalf, which refutes Plaintiff's

claim of proper service. Post Mem. at 5; ECF No. 55 ¶ 2. Moreover, Plaintiff's attempt to effect service took place on August 20, 2019, ECF No. 36, months past the deadline for service.

Because Plaintiff has failed to show that Post was properly served, Post's motion to dismiss for failure to serve is GRANTED without prejudice.

### B. Failure to Prosecute

Defendants Zumiez and Urban Outfitters argue that the action should be dismissed for failure to prosecute.[1] The Court agrees. A district court contemplating dismissal of a plaintiff's claim for failure to prosecute pursuant to Rule 41(b) must consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). No one factor is dispositive and a court must weigh all five factors in determining whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys. Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The totality of the factors supports dismissal without prejudice. The first factor, duration, weighs in favor of dismissal because Plaintiff has not appeared in this action for more than eight months. *See Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012) ("[A] delay of a matter of months can potentially warrant dismissal." (internal quotation marks and citation omitted)).

---

[1] Post also moves to dismiss the action for failure to prosecute. Post. Mem. at 5–8. Having dismissed the action as to Post for lack of proper service, the Court does not reach Post's failure to prosecute argument.

The second factor, notice, weighs in favor of dismissal because Plaintiff has been warned by the Court that the action may be dismissed. *See* ECF No. 47 ("[Plaintiff] is hereby put on notice that a failure to attend this conference may lead to a dismissal of his case for failure to prosecute."). This "meaningful, non-technical notice" is sufficient in the context of a dismissal for failure to prosecute. *George v. City of New York*, No. 12 Civ. 6365, 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013).

The third factor, prejudice, weighs in favor of dismissal because Plaintiff has failed to respond to the Court or Defendants for several months. "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice," though in "cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (quoting *Lyell*, 682 F.2d at 43). Here, where Plaintiff has ceased all communication for months with no explanation, the delay is neither moderate nor excusable.

The fourth and fifth factors, the balance of interests and efficacy of dismissal, weigh in favor of dismissing the action, but doing so without prejudice. Because of Plaintiff's continued absence and failure to comply with court orders, it is in the best interest of all parties to dismiss the action, *see Lyell*, 682 F.2d at 43 (dismissal under Rule 41(b) can be granted "without prejudice if so specified by the court imposing it"); *Reynel*, 2002 WL 2022429, at *1 (granting dismissal for failure to prosecute without prejudice because of the plaintiff's *pro se* status).

Granting dismissal without prejudice allows the Court to focus resources on other important matters, and allows Plaintiff to resume his litigation if circumstances permit. The Second Circuit has cautioned that in the context of Rule 41(b) "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239

6

F.3d 206, 209 (2d Cir. 2001); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (noting that the right to self-representation "should not be impaired by harsh application of technical rules"). Although Plaintiff was assigned *pro bono* counsel, it was only for the "limited purpose of conducting discovery" and to "engage in settlement discussions." ECF No. 29. In addition, *pro bono* counsel withdrew from the action within two months. *See* ECF No. 50. In light of Plaintiff's *pro se* status, it is well within this Court's discretion to grant dismissal without prejudice.

Accordingly, Defendants' Zumiez and Urban Outfitters' motion to dismiss the action for failure to prosecute is GRANTED without prejudice.

## CONCLUSION

For the foregoing reasons, Post's motion to dismiss for failure to serve process is GRANTED and Zumiez and Urban Outfitters' joint motion to dismiss for failure to prosecute is GRANTED to the extent that the complaint is DISMISSED without prejudice.

The Clerk of Court is directed to terminate the motions at ECF Nos. 52 and 56, and to close the case. The Clerk of Court is further directed to mail a copy of this order to Plaintiff *pro se*. #

SO ORDERED.

Dated: August 5, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge